KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Juan Munoz

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Munoz, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| The Law Offices Of Kirk A. Cullimore, L.L.C. ; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Juan Munoz, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that a substantial portion of the acts giving rise to this action occurred here.

## **PARTIES**

4. The Plaintiff, Juan Munoz (hereafter "Plaintiff"), is an adult individual residing in Casa Grande, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, The Law Offices Of Kirk A. Cullimore, L.L.C. (hereafter "Cullimore"), is a company with an address of 644 E. Union Square, Sandy, Utah 84070, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Cullimore and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Cullimore at all times acted by and through one or more of the Collectors.

## **ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A.   The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an R.C. Willey Home Furnishings (the "Creditor").

2

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Cullimore for collection, or Cullimore was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Cullimore Engages in Harassment and Abusive Tactics**

12. Within the last year, Cullimore took legal action against Plaintiff in the Third District Court for the State of Utah, Salt Lake County, West Jordan Department, in an attempt to collect the Debt.

13. However, the Debt does not belong to Plaintiff. The Debt belongs to a different "Juan Munoz."  The contract shows that the debtor who signed for the Debt (presumably Plaintiff's father) has a completely different social security number and date of birth than Plaintiff.

14. Despite the fact that the debtor has completely different identifying information than Plaintiff, and that Plaintiff was a minor at the time the Debt was contracted for, Cullimore still moved forward with legal action and garnishment against Plaintiff.

15. The Default Judgment used to pursue the garnishment action on its face refers to a judgment being entered against a Juan Munoz with a different social security number.

16. Plaintiff has never been served with service of process and was first made aware of the Default Judgment allegedly against him on or about December 23, 2011 when his employer, the United States Customs and Border Protection, notified him in writing that it would be withholding "25 percent of your [Plaintiff's] disposable earnings each pay period."

3

17. Because Plaintiff works for the federal government, Plaintiff was required to immediately report the garnishment action to his superiors at U.S. Customs and Border Protection.

18. From now on, the garnishment will be a part of Plaintiff's employment record, and may cause Plaintiff problems with the periodic background checks he must undergo to maintain his federal employment status.

19. In December 2011, Cullimore garnished $528.33 out of Plaintiff's wages in an attempt to collect a debt that does not belong to Plaintiff.

20. Cullimore has since then released the garnishment, but has not paid back to Plaintiff the illegally withdrawn wages.

**C.     Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

4

26. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

27. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

28. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## DEFAMATION

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendants published false information in state court proceedings, had a garnishment illegally entered in Plaintiff's name and social security number in relation to the Debt, and then published and distributed the proceedings to Plaintiff's employer with false authority.

33. The publications and defamations were done maliciously, without privilege, and with gross negligence and/or willful intent to injure the Plaintiff under A.R.S. § 44-1695(C).

34. As a direct and proximate consequence of Defendants' acts of defamation, the Plaintiff has been injured in that the Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT III
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5

36. Defendants intentionally interfered with Plaintiff's employment contract by illegally garnishing Plaintiff's wages and by establishing a negative mark on Plaintiff's employment record with no justification for doing so.

37. As a result of Defendants' intentional interference with Plaintiff's employment contractual relations, Plaintiff's employment relationship was disrupted, Plaintiff's employment record will forever be marked by Defendants' illegal garnishment action, and Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

40. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

41. As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

42. All acts of Defendants complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C.    Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D.    Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent interference with contractual relations in an amount to be determined at trial for the Plaintiff;

    E.    Punitive damages;

    F.    For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341.

    G.    For Plaintiff's reasonable attorneys' fees and costs in relation to any Arizona contract claim pursuant to A.R.S. § 12-341.01; and

    H.    Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

7

| | | |
|---|---|---|
| 1 | DATED:  February 6, 2012 | LEMBERG & ASSOCIATES, LLC |

By: ___/s/  *Kindra Deneau*___
Kindra Deneau

Attorney for Plaintiff
Juan Munoz